HAZOURI, J.
 

 Appellant, Sean Dupree, appeals from his convictions for armed kidnapping, false imprisonment, aggravated battery, aggravated assault, and battery.
 
 [1]
 
 Dupree raises three issues on appeal. We discuss only the one which requires us to reverse and remand for a new trial.
 

 Dupree and Aireka Washington, a student at Job Corps in Miami, met through a chatting service and went out together a couple of times. Her interest in him was as a friend and a person who might become a.business partner as well as show her the club scene in Miami. She knew he had a live-in girlfriend. On their third meeting, he picked her up and drove her to his house in Weston. They had a few drinks. According to Washington, Du-pree’s behavior then changed. He restrained her, battered her with a whip and his fists, kicked her, and threatened her with a gun. He then restrained her whole body with duct tape and refused to let her leave. He eventually stopped hitting her and removed the tape. Washington could not move or walk after that without assistance. She was kept at Dupree’s home for a week being placed in either the living room or a bedroom. At one point, when no one was in the living room with her, she was able to crawl to the kitchen to look for
 
 *996
 
 a telephone, but the one she found was not connected.
 

 During that time Dupree’s girlfriend, Alicia Taylor, came in several times. Taylor braided her hail- and tried to speak to her. After she was there for a week, Dupree gathered all of Washington’s belongings, put her in his car, and drove her to Fort Myers, where he left her with a woman and her young daughter. The woman left to take her daughter to school and Washington was able to call 911.
 

 Dupree’s defense to which he testified was that Washington agreed to pose for pictures which portrayed actual bondage and domination acts. She was interested in this in order to make money. All the things he did to Washington were with her consent.
 

 Prior to trial, the state filed a Notice of Intent to Use Evidence of Other Crimes, Wrongs or Acts in which it notified the trial court that it intended to present the testimony of Alicia Taylor that Dupree had struck her on more than one occasion, discharged a stun-gun into her thigh, tied her to a chair, placed a thong in her mouth, and pressed an operating hair dryer against her buttocks. The state argued that the testimony was relevant as to her fear of Dupree and why Taylor did not notify law enforcement of Dupree’s actions against Washington or assist Washington in escaping. After Taylor’s testimony was proffered, the trial court ruled that the evidence was not Williams
 
 [2]
 
 rule evidence, but was relevant as to why Taylor did not call the police. We agree with the trial court that the testimony elicited from Taylor concerning Dupree’s prior acts of violence did not qualify as
 
 Williams
 
 rule evidence. We note that on appeal the state has abandoned its assertion made at trial that these prior acts constituted
 
 Williams
 
 rule evidence.
 

 On appeal, Dupree argues that the evidence was not relevant or, in the alternative, any relevance it had was outweighed by its prejudicial effect. The state argues that it was necessary to elicit this testimony of Taylor’s fear of Dupree in order to explain why she did not call the police or assist Washington in escaping.
 

 “Relevant evidence is evidence tending to prove or disprove a material fact.” § 90.401, Fla. Stat. (2006). Taylor’s conduct was not an issue in Dupree’s trial. Therefore, her alleged fear and her reasons for that fear are irrelevant. To further compound the error, the state used this testimony in its final argument to assert that this evidence of Dupree’s bad character and propensity for violence proved that he was guilty as charged.
 

 We conclude that the trial court abused its discretion in finding the evidence relevant and its admission was not harmless.
 

 Reversed and Remanded.
 

 STEVENSON and LEVINE, JJ., concur.
 

 [1]
 

 . Dupree was also charged with possession of a firearm by a convicted felon, which was severed from the trial on the above charges.
 

 [2]
 

 .
 
 Williams v. State,
 
 110 So.2d 654 (Fla.1959).